(Reap. Dec. 8220)

INTERNATIONAL EXPEDITERS, INC. v. UNITED STATES

Entry No. 728355, etc.

(Decided May 14, 1953)

*Jordan & Klingaman* for the plaintiff.

*Charles J. Wagner*, Acting Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the court, that the issues in the above-mentioned appeals for reappraisement are the same in all material respects as the issues decided in *United States* v. *International Expediters, Inc., for Winsor & Newton, Inc.*, Suit No. 4739, C. A. D. 511, and that the record in said case may be incorported herein.

IT IS FURTHER STIPULATED AND AGREED that the entered value of the merchandise here involved is equal to the cost of materials and fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise at a time preceding the date of exportation of the involved merchandise which would ordinarily permit the manufacture or production thereof in the usual course of business, plus the usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise, plus the cost of all containers and coverings, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum of the costs of materials and fabrication or manipulation and general expenses) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

IT IS FURTHER STIPULATED AND AGREED that the reappraisement appeals herein may be submitted on the foregoing stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the entered values.

Judgment will be rendered accordingly.